# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3949 | **DATE** | 8/30/2010 |
| **CASE TITLE** | Elois Poole-Clayton vs. Lisa Madigan, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff's motion to proceed *in forma pauperis* [#4], because she cannot pay the filing fee, but the Court dismisses her case pursuant to 28 U.S.C. § 1915(e). The Clerk is directed to enter judgment dismissing this action. Plaintiff's motion for appointment of counsel [#5] is terminated as moot.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Elois Poole-Clayton has sued Illinois Attorney General Lisa Madigan, assistant Cook County public defenders named Thomas Caigie, Jonathan Kern, Bormes, and Debartolo, two Chicago police officers named Suther and Kelly, and Cook County assistant state's attorney Anna Strange. *See* Compl. ¶¶ 4 & 7. She sues under 42 U.S.C. § 1983, alleging that they violated her federal constitutional rights. *Id.* ¶¶ 1 & 6. Ms. Poole-Clayton has moved to proceed *in forma pauperis*, that is, without paying the usual filing fee, so the Court reviews her complaint to determine whether it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

Ms. Poole-Clayton's complaint is unintelligible to a significant extent. As best as the Court can make it out, she alleges that officers Suther and Kelly falsely arrested her for battery in connection with an altercation that took place on March 16, 2007. *See* Compl. ¶ 8. She says that she prevailed in the battery case. *Id.* ¶ 9. She also seems to allege that the defendants committed some sort of constitutional wrong on December 9, 2008. *Id.* ¶ 6. Ms. Poole-Clayton's complaint, however, says nothing about anything that Madigan, Caigie, or Strange did that was wrong. Her claim against assistant public defenders Kern, Bormes, and Debartolo appears to be that they did not represent her adequately in the criminal battery case.

It also appears that Ms. Poole-Clayton filed suit claiming damages for these same wrongs in the Circuit Court of Cook County, A narrative that she attaches to her form *pro se* complaint says that her "request for 'relief,' has been DELAYED, because of the MISCONDUCT, that has taken place, in the Circuit Courts of Illinois system." Narrative, p. 1.

Ms. Poole-Clayton's complaint suffers from legal deficiencies; she has failed to state a viable legal claim against any of the defendants. First, a public defender representing an individual in a criminal case is not

| STATEMENT |
|---|
| considered to act under color of law, as required for liability under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Second, even assuming Ms. Poole-Clayton had alleged something that Madigan and Strange did wrong in prosecuting her, they have absolute immunity from suit under section 1983 for actions taken in their prosecutorial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Third, her claim against Suther and Kelly for false arrest accrued on the date she was arrested, March 16, 2007. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). The statute of limitations for section 1983 suits filed in Illinois is two years. *Id.* at 588. Ms. Poole-Clayton's suit, filed in June 2010, came about fifteen months after the statute of limitations had expired.<br><br>For these reasons, the Court grants Ms. Poole-Clayton's motion to proceed *in forma pauperis*, because she cannot pay the filing fee, but the Court dismisses her case pursuant to 28 U.S.C. § 1915(e). The Clerk is directed to enter judgment dismissing this action. |